# TALBOT *v.* NEVADA FIRE INSURANCE CO.

No. 2850

January 3, 1930.                    283 P. 405.

*Price & Hawkins, C. M. Hawkins,* and *R. Z. Hawkins,* for Appellant:

*Sardis Summerfield,* for Respondent:

## OPINION

By the Court, COLEMAN, J.:

This action was instituted to recover on two separate counts. The first count is on an alleged implied contract for services rendered, and the second count on an express contract.

The first cause of action grew out of this situation: The plaintiff was one of the organizers of the Nevada Fire Insurance Company, which was incorporated in 1911, but, as $100,000 had to be raised before it could commence business, it did not enter upon its business career until March 1, 1914, shortly prior to which time an experienced insurance man had been employed as "underwriting manager." Plaintiff's claim for services on this cause of action is based on the proposition that the services rendered were such as were not incident to his duties as president of the company. The nature

of the services was soliciting insurance, arranging loans, and examining abstracts of title to property upon which loans were made, and writing letters to interest persons in the company as stockholders.

These alleged services were rendered in 1914, and he never mentioned to any one the fact that he expected remuneration, until about 1918. At the annual meeting of stockholders held on March 2, 1915, at which plaintiff was present and when he was contemplating relaxing his active interest in the company, one of the stockholders made a motion to the effect that, "in view of past services of the president without compensation," he be employed for a year at a monthly salary of $300 and commissions. At the annual meeting of the company, held on March 5, 1918, the claim of plaintiff, which is the basis of the first cause of action, was presented and unanimously rejected.

Three points are urged upon our consideration as to the first cause of action, namely: That the evidence shows no implied contract; that the services rendered were within the scope of the duties of the president of the company; and, thirdly, that the plaintiff should be estopped.

■ We do not deem it necessary to decide any of these questions except the one last mentioned; however, we may observe that in view of the fact that an officer of a corporation occupies a fiduciary relationship (McCourt v. Singers [C. C. A.], 145 F. 103, 7 Ann. Cas. 287; Hayden v. Green, 66 Kan. 204, 71 P. 236), his dealings with the corporation should be scanned critically when he asserts a claim such as the one in question. Nor would it be out of place to say in this connection that it is the usual custom for the borrower to pay the expense of ascertaining the status of the title to property on which a loan is made, as well as all other expenses incident to making the loan.

■ It is clear to our minds that the plaintiff should be estopped from asserting the claim set forth in the first cause of action. He was present when the motion was made and adopted to the effect that, "in view of

the past services rendered by the president without compensation," he be voted a salary of $300 per month, commission on the profits for the succeeding 12 months, and allowed the privilege of practicing law. If he had an intention at that time to make a claim for past services, it was his duty to make it known then. The motion was based upon the ground that he had rendered services without compensation, and it is very evident from the tone of the meeting, as appears from the minutes, that the contract would not have been made if he had intimated that he expected compensation for past services. It seems that the plaintiff was the active instrumentality in organizing the company, and was vitally interested in its success. On two or more occasions he sent letters to stockholders informing them that the incorporators had received no promotion stock, fees, or commissions, and that it was being managed with strict economy.

We can reach no other conclusion than that stated.

■ The second cause of action is to recover for commissions earned under the contract of March 2, 1915. The contract provides that for the services to be rendered by the plaintiff "he shall be paid as compensation by the company a salary of $300 per month, and in addition thereto five per cent (5%) of any profit which may be made by the company from its investments, underwriting or other business, during the year this contract is in force."

The defendant claims there was no proof of profits; hence the judgment in favor of plaintiff on this cause of action is erroneous.

■ The contract is clear and unambiguous and cannot be distorted into meaning anything other than what is implied by the language used; that is, that the commission should be paid on the basis of profits made during the year. Profits and losses are figured for a fiscal year, and it is evident that the same theory moved the parties in entering into the agreement in question, and not losses suffered thereafter on policies written during the year in question. Accepting this as the only

reasonable and correct interpretation of the contract, this contention of defendant must be rejected.

■ It is contended by the plaintiff that the expense of reinsurance is not an item to be deducted from the gross income to ascertain the net profits as a basis to figure the amount of commissions earned by the plaintiff. We cannot agree with this contention. The expense of reinsurance was a precautionary measure to protect the defendant in its infancy from disastrous consequences, and was a sound business precaution and a legitimate expense to be charged in ascertaining net profits.

It is ordered that the judgment and order appealed from be, and the same are hereby, reversed, with directions to grant a new trial.

### On Petition for Rehearing

April 5, 1930.                                        286 P. 1118.

By the Court, COLEMAN, J.:

Counsel for plaintiff has filed a petition for a rehearing, in which it is contended that plaintiff testified that at the meeting at which the motion was made he be paid $300 a month in view of past services rendered without compensation, a quorum could not be kept in session long enough to take up anything about compensation for past services, and hence contends there was no contract.

We do not so interpret the testimony. Plaintiff tendered his resignation as president. He had theretofore not been receiving compensation. As an inducement for his remaining as president, the motion was made and adopted. The testimony referred to reads: " * * * I declined to serve further. Some of them * * * asked if I could not devote part of my time to the company, so that led to some discussion and negotiations there and resulted in an agreement that I give at least half of my time for one year to the company, and resulted in this contract. * * * I had it distinctly in mind that I was not expecting to ask

any compensation for future services because I intended to resign, which I did, until they made inducements to me to be president, and I could not keep the quorum in session long enough to take up a number of matters and policies of the company, and anything about compensation for past services I had rendered and other things, so that meeting resulted in this contract which has been introduced here."

From this testimony no other conclusion can be reached but that a contract was entered into, according to plaintiff's own interpretation. At any rate, the motion was adopted, with the condition stated, and the plaintiff must have accepted it, for he remained in office and drew the $300 monthly salary, and sues to recover the commission. It seems to us that plaintiff is in a poor position to now assert that the matter of past services was not covered by the agreement.

Counsel seems to be in doubt as to the effect of what we said in reference to the second cause of action. As to that cause of action, we simply sought to lay down a basis or measure of plaintiff's recovery, and left it to the lower court, upon retrial, to fix the amount to which plaintiff is entitled, if anything.

The petition is denied.