JOHN M. WATSON, Appellant, *v.* MARGARET WATSON, Respondent.

No. 10511

June 28, 1979 596 P.2d 507

*McDonald, Carano, Wilson, Bergin & Bible,* and *Samuel P. McMullen,* Reno, for Appellant.

*Gordon W. Rice,* Reno, for Respondent.

## OPINION

By the Court, BATJER, J.:

The parties were married in 1955 and divorced in 1970. Shortly before the judgment of divorce was granted, the parties entered into a property settlement agreement. In granting the divorce the district court ordered that the agreement should survive as an independent document and not merge into the judgment of divorce.

The agreement provides in part that "[t]he Husband agrees to pay the Wife the sum of $600.00 per month until her death or remarriage". Appellant complied with the agreement until June, 1976, when payments ceased. In October, 1976, respondent filed suit seeking the money due. Appellant defended by alleging that respondent had "remarried" since she was cohabiting with another man outside of wedlock. Although the district court found that the alleged cohabitational relationship had existed for several years, it held that such relationship was not a defense to the action. We agree.

Appellant contends that respondent's living arrangement constitutes a "de facto marriage", thereby relieving him of his obligation under the agreement. Such an interpretation cannot be sustained in a state which does not recognize common law marriages. NRS 122.010(1); McAnerney v. McAnerney, 334 A.2d 437 (Conn. 1973).[1] See also Riddle v. Riddle, 230 S.E.2d 809 (N.C.App. 1977).

The word "remarriage" is readily understood and is not ambiguous. Courts are bound by language which is clear and free from ambiguity and cannot, using the guise of interpretation, distort the plain meaning of an agreement. Reno

---

[1] NRS 122.010(1) provides:

"Marriage, so far as its validity in law is concerned, is a civil contract, to which the consent of the parties capable in law of contracting is essential. Consent alone will not constitute marriage; it must be followed by solemnization as authorized and provided by this chapter."

See also Powell v. Rogers, 496 F.2d 1248 (9th Cir. 1974), cert. denied 419 U.S. 1032 (1974).

Club v. Young Investment Co., 64 Nev. 312, 323–324, 182 P.2d 1011, 1016–1017 (1947); Talbot v. Nevada Fire Ins. Co., 52 Nev. 145, 149, 283 P. 404, 405 (1930).

Appellant's remaining contentions are either unsupported by the evidence or fail to be supported by any relevant authority.[2] Holland Livestock v. B & C Enterprises, 92 Nev. 473, 553 P.2d 950 (1976).

The judgment of the district court awarding respondent the relief sought is affirmed.[3]

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ., concur.

---

[2]Appellant relies on cases dealing with modifiable alimony decrees. Such cases are inapposite to the case at hand. *Cf.* Jones v. Jones, 86 Nev. 879, 478 P.2d 148 (1970); Ballin v. Ballin, 78 Nev. 224, 371 P.2d 32 (1962).

[3]*Compare* Jones v. Jones, 93 Nev. 545, 571 P.2d 103 (1977).