RICHARD MILLS, AN INDIVIDUAL; AND BEAM, INC., A CORPORATION, APPELLANTS, *v.* THE CITY OF HENDERSON, A MUNICIPAL CORPORATION, LOREN L. WILLIAMS, MAYOR, LORNA J. KESTERSON, COUNCILWOMAN, J. GARY PRICE, COUNCILMAN, AND PHIL STOUT, COUNCILMAN, RESPONDENTS.

No. 9493

August 17, 1979        598 P.2d 635

---

[2]Respondent's attorneys on appeal were not involved in the district court proceedings.

[Rehearing denied October 8, 1979]

*Peter L. Flangas,* Las Vegas, for Appellants.

*Kent J. Dawson,* Las Vegas, for Respondents.

## OPINION

By the Court, BATJER, J.:

In order to operate a pawnshop appellants applied to the City of Henderson, Nevada, for a license. Pursuant to the City's pawnshop licensing code, such a license would not be issued if the City's police chief disapproved the application; however, by a majority vote the city council could grant the license despite the police chief's negative recommendation.[1]

[1]The pertinent code section reads:

"All applications for pawnbrokers' licenses or renewals thereof shall be made by petition to the city council at a regular meeting thereof, and shall be immediately referred to the chief of police, or acting chief, for his approval. In

Appellants' application failed to receive approval from the police chief and, after two hearings in which Mills and his attorney were present, the city council refused to issue the license. Denial was based upon the majority shareholder's lengthy criminal record.[2]

Subsequently, appellants filed suit in district court seeking a writ of mandamus ordering respondents to issue the license. The court issued an alternative writ of mandate, but after a showing by respondents, denied the petition for the writ and discharged the alternative writ. On appeal appellants argue that the writ should issue because the City's pawnshop licensing code is unconstitutional since it does not specify standards upon which such licenses may be granted. We disagree.

Although a legislative body cannot confer unlimited power upon an officer without designating standards to guide his action, there are limitations on this rule. In re Petersen, 331 P.2d 24, 28 (Cal. 1958). When, as here, the activity to be licensed is pawnbroking, which is the proper and necessary subject of police surveillance and regulation, we think the grant of discretionary power to license need not be restricted by specific standards. Iscoff v. Police Comm'n, 35 Cal.Rptr. 189, 194–196 (Cal.App. 1963). *Cf.* Liberman v. Cervantes, 511 S.W.2d 835 (Mo. 1974). It is presumed the officer or agency will not perform the licensing duty in an arbitrary or oppressive manner; if an abuse is shown, relief may be obtained in the courts. In re Petersen, *supra;* Bell v. City of Mountain View, 136 Cal.Rptr. 8, 13 (Cal.App. 1977); Subriar v. City of Bakersfield, 130 Cal.Rptr. 853 (Cal.App. 1976); San Francisco Street Artists Guild v. Scott, 112 Cal.Rptr. 502 (Cal.App. 1974); Iscoff v. Police Comm'n, *supra.*

Here, there is no evidence that the denial of the license was the result of the arbitrary or oppressive exercise of discretion by the police chief or city council.

Appellants' remaining contentions are either unsupported by

no case shall a license be issued or renewed when his disapproval is endorsed upon the petition, except by a majority vote of the city council. The chief of police shall return all such petitions, with his approval or rejection endorsed thereon, to the city council for final action at the next regular meeting thereof after the receipt of such petition by him."

[2]Richard Mills owns sixty percent of the stock of Beam, Inc.; his wife, thirty-five percent; and one Jean Beam, five percent.

any evidence or without merit. Watson v. Watson, 95 Nev. 495, 596 P.2d 507 (1979).

Affirmed.

MOWBRAY, C. J., and THOMPSON, GUNDERSON, and MANOUKIAN, JJ. concur.