PHILIP C. STERLING AND JUDY M. STERLING, AS TRUSTEES FOR TRUST No. 061489-00-13, APPELLANTS, v. KENNETH S. GOODMAN AND MYRNA B. GOODMAN, HIS WIFE, RESPONDENTS.

No. 16191

May 28, 1986                              719 P.2d 1262

*David G. Pumphrey,* Minden, for Appellants.

*Manoukian, Scarpello & Alling* and *Richard Glasson,* Zephyr Cove, for Respondents.

## OPINION·

*Per Curiam:*

On or about June 1, 1981, ·respondents sold a piece of real estate to appellants. Pursuant to this sale, and as a part of the purchase price, appellants executed and delivered a note secured by a deed of trust on the property to respondents. Subsequently, this note and deed of trust was refinanced, and on August 29, 1983, appellants executed and delivered a new note and deed of trust regarding the subject property. The note and deed of trust were executed contemporaneously and are part of one contract. The note required appellants to make monthly payments of principal and interest of $1,803.11 until February 1, 1984, at which time the entire remaining balance of principal and accrued interest was due and payable.

Appellants were late in making the December 1983 payment. Appellants did not make the January 1, 1984, payment or the February 1, 1984, balloon payment. On January 18, 1984, pursuant to instructions from respondents, the trustee formally gave notice of respondents' election to sell due to default.

On May 22, 1984, pursuant to a written agreement between parties, the title was reconveyed to appellants, and respondents were paid all of the funds they claimed to be owed to them pursuant to the note and deed of trust, except for the sum of $6,515.48. Appellants claim that they are not liable for this sum. Respondents dispute this contention and claim that appellants owe said sum in payment of a previously agreed upon late charge as provided in the contract.

The case was submitted to the district court under NRS 29.010. The stipulation also provided that the prevailing party would also be awarded attorney's fees and court costs. The district court entered judgment for respondents in the amount of $6,515.48 plus costs and attorney's fees. For the following reasons, we conclude that the decision of the district court was erroneous and therefore reverse and remand.

The main issue on appeal concerns the definition of "installment payment" under the contract. The land sale contract provides that the parties promise to pay principal and interest as follows:

> Principal and interest payable in installments of One Thousand Eight Hundred Three and 11/100ths Dollars ($1,803.11), or more, on the 1st day of each and every month beginning on the 1st day of September 1983, and continuing until the 1st day of February 1984 at which time the principal then remaining, together with interest thereon, shall be paid.

This clause makes a clear differentiation between an "installment" and the "principal remaining." Since the contract is clearly phrased to show a difference between an installment payment and the final balloon payment, it is improper for the district court to interpret the contract otherwise. *See* Watson v. Watson, 95 Nev. 495, 596 P.2d 507 (1979).

Additionally, respondents were paid their costs incident to the acceleration and election to sell due to delinquency of payment plus interest on the remaining balance. They received all late fees on the regular installment payments which were not paid on time. Generally, a contract will be interpreted in accordance with the intentions of the parties. *See* Shel-Al Corporation v. American National Insurance Company, 492 F.2d 87 (5th Cir. 1974). However, in the case at bar, the intentions of the parties are obscured by the fact that the late fee clauses were not discussed by the

parties at any time during the negotiations of the contract. In Mohr Park Manor, Inc. v. Mohr, 83 Nev. 107, 424 P.2d 101 (1967), this Court stated, "an interpretation which makes the contract or agreement fair and reasonable will be preferred to one which leads to harsh or unreasonable results." *Id.* at 112. Attaching a late payment to a balloon payment is an unreasonable result when it does not appear to have been intended under the contract.

Finally, due to the agreement between the parties, we also conclude that appellants should receive their court costs and attorney's fees from respondents.

Accordingly, we reverse the decision of the district court and remand this case to the district court for entry of judgment consistent with this opinion.