915 P.2d 277 (1996)
112 Nev. 61
Carlos NORWOOD, Appellant,
v.
The STATE of Nevada, Respondent.
No. 25820.
Supreme Court of Nevada.
April 30, 1996.
As Amended June 12, 1996.
Michael R. Specchio, Public Defender and John Reese Petty, Chief Appellate Public Defender, Washoe County, for Appellant.
Frankie Sue Del Papa, Attorney General, Carson City; Richard A. Gammick, District Attorney and Terrence P. McCarthy, Deputy District Attorney, Washoe County, for Respondent.

OPINION
SHEARING, Justice:
Appellant Carlos Norwood broke into an apartment occupied by two men, hit one victim, Donald Smith, on the head to subdue him, and took Smith's money from his pocket. Norwood then went into the bedroom and stole Smith's gun. One of Norwood's accomplices shot the other victim, Paul Rivera, in the shoulder. A jury convicted Norwood *278 of robbery with use of a deadly weapon, burglary, and battery.
At Norwood's sentencing hearing, the State and defense counsel agreed that Norwood should receive a sentence of seven years for the robbery plus seven years for the deadly weapon enhancement. The Parole and Probation Department recommended a sentence of ten plus ten years. At the sentencing hearing, the district judge made an unexpected and unsubstantiated assertion which appears to have affected the sentence, that Norwood is a Crips gang leader. The district court then proceeded to sentence Norwood to ten plus ten years for the robbery with use of a deadly weapon count. The district court also imposed restitution in the amount of $475.67.
On appeal, Norwood argues that the district court erred because the judge relied upon a belief regarding Norwood's gang membership in sentencing him when there was no evidence introduced regarding his gang membership. We agree.
At Norwood's sentencing hearing, the district court unexpectedly stated the following to the defendant:
I don't believe for one minute you have any intention of changing association of people you associate with or your patterns of association once you are released.
I know you are a member of the Krips [sic]not a member, but a leader of the Krips [sic]. I presume that everyone thinks I am stupid or anyone sitting up here is stupid and we don't know what is going on out in the real world. Well, we do.
. . . .
I'm not going to follow the recommendation. I want to be tougher on you than what the State is recommending to me.
I don't have any choice but to do this, I don't think, because I think somewhere along the line, we have to get a message not just to you, but to anybody like you. There are a hundred kids out there running around looking to see what is going to happen to you. Well, it's not going to be pleasant.
Immediately following these comments, the district court announced the sentence: ten years plus ten years for robbery with use of a deadly weapon; seven years for the burglary count to run concurrently with the robbery sentence and $2000 as a fine; and six years for the battery count.
The sentencing judge has wide discretion in imposing a sentence, and that determination will not be overruled absent a showing of abuse of discretion. Houk v. State, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987). A sentencing court is privileged to consider facts and circumstances which would clearly not be admissible at trial. Silks v. State, 92 Nev. 91, 93-94, 545 P.2d 1159, 1161 (1976). In Silks, this court further held:
So long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence, this court will refrain from interfering with the sentence imposed.
Id. at 94, 545 P.2d at 1161.
Here, the district court made a declaration that Norwood is a gang leader, not with reliance on highly dubious or inflammatory evidence, but without reliance on any supporting evidence whatsoever. The trial transcript indicates that gang affiliation was not at issue, and there was no reference to gangs at trial. It is clear from the record that the district court's accusation resulted in prejudice to Norwood in that he received a greater sentence of imprisonment for robbery than the seven-year sentence recommended by the State. Although ten years is within the statutory range for robbery under NRS 200.380[1] and the Parole and Probation Department recommended a ten-year sentence for the robbery count, the district judge's statements in context demonstrate that his decision was infected by his beliefs regarding Norwood's gang affiliation. The district court's unsubstantiated assertion appears to have affected *279 the sentence, thus resulting in prejudice to Norwood. We therefore conclude that Norwood is entitled to a new penalty hearing.[2]
Norwood also contends on appeal that the district court improperly imposed $475.67 in restitution because it was for the purpose of reimbursing the Washoe Medical Center for its treatment of Smith and Rivera. He asserts that the Washoe Medical Center is not a "victim" entitled to restitution under NRS 176.033(1)(b).
We conclude that Norwood's contention is not properly before this court. In the judgment, the district court ordered "restitution in the amount of Four Hundred Seventy-Five Dollars and Sixty-Seven Cents ($475.67) on Count III to run concurrent [sic] with Counts I and II." The district court did not direct that payment be made to Washoe County Medical Center and therefore, Norwood's assertion is unsubstantiated. This court need not address Norwood's argument due to the lack of supporting evidence. Watson v. Watson, 95 Nev. 495, 497, 596 P.2d 507, 508 (1979).
Assuming that the purpose of the restitution was to cover the medical costs of the victims' treatment, we conclude that restitution was proper. NRS 176.033(1)(b) provides, "[i]f restitution is appropriate, [the court shall] set an amount of restitution for each victim of the offense." Here, Smith testified that he and Rivera went to the hospital following the incident. The evidence therefore suggests that the victims incurred debts for their medical treatment. After careful review, we conclude that the victims' medical costs for the treatment of their injuries directly resulting from the crime are the proper subject of restitution.
Based upon the foregoing discussion, we vacate Norwood's sentence and remand this case to the district court for a new sentencing hearing before a different district court judge.
YOUNG and ROSE, JJ., concur.
SPRINGER, J., and STEFFEN, C.J., dissent.
SPRINGER, Justice, with whom STEFFEN, Chief Justice, agrees, dissenting:
The district judge in this case sentenced the defendant in accord with the presentence report. The judge was advised in open court by probation officials that the defendant had "had numerous opportunities granted to him by the criminal justice system to modify his behavior, but decided to continue his affiliation with gang members and drug activities." I believe the trial judge acted very appropriately under the circumstances, and his judgment should be affirmed.
NOTES
[1] NRS 200.380 provides that the penalty for robbery shall not be less than one year nor greater than fifteen years.
[2] We, of course, have no way of knowing whether or how the district court judge had personal knowledge concerning Norwood's asserted gang involvement. Speculation on the subject is irrelevant, however, as all factors bearing on a defendant's sentence must have a basis in the record.