MEMORANDUM **
Vegas VP, LP appeals the district court’s grant of summary judgment in favor of Ace Property and Casualty Insurance Company (“Ace”). The district court held that Vegas VP’s costs of delay were *233 not a covered peril under Exclusion S of the policy. We affirm.
As a threshold matter, we conclude that Ace’s submissions in response to the order to show cause demonstrate that the district court had diversity jurisdiction under 28 U.S.C. § 1332(a). Therefore, pursuant to 28 U.S.C. § 1653, the court amends the pleadings nunc pro tunc to reflect that Vegas VP has one partner, Portland Corporation. Portland Corporation is a citizen of Texas, because it is a corporation formed under the laws of the State of Texas, and it maintains its principle place of business in Texas.
This court has jurisdiction pursuant to 28 U.S.C. § 1291.
Turning now to the merits of this case, Vegas VP advances three arguments in support of reversal. First, Vegas VP argues that Exclusion S applies only to a building that had a roof, windows, or walls at the beginning of the policy period. Because the building under construction (“the tower”) did not have a roof, windows, or walls during a large part of its construction schedule, Vegas VP contends Exclusion S does not apply to the tower at all.
Vegas VP’s reading of the policy leads to an unreasonable result. Under Vegas VP’s view, it could recover for delay resulting from damage to a finished interior even when no efforts were made to protect the interior from the elements. Nevada law does not countenance such an interpretation. See Sterling v. Goodman, 102 Nev. 218, 719 P.2d 1262, 1263 (1986) (“[A]n interpretation which makes the contract or agreement fair and reasonable will be preferred to one which leads to harsh or unreasonable results.”).
Vegas VP argues in the alternative that even if Exclusion S applies to the tower, the tarps it used to protect against the elements constituted the tower’s roof, windows, or walls under the exception to Exclusion S. Therefore, delay caused by rain coming through the damaged tarps is covered under the policy. We disagree.
Taken in context of the entire policy, the plain meaning of Exclusion S requires construction of a permanent roof, windows, and walls before an exception to that exclusion may apply. As noted by the district court, this interpretation is consistent with a builder’s decision whether to begin work on the interior of a building before completing the permanent exterior. See also Nat’l Union Fire Ins. Co. v. Reno’s Executive Air, Inc., 100 Nev. 360, 682 P.2d 1380, 1383 (1984) (“A court must look to the entire contract of insurance for a true understanding of what risks are assumed by the insurer and what risks are excluded.”). In the present case, Vegas VP cannot claim coverage for delays incurred due to rain coming through the temporary covering when the contractor did not erect the permanent exterior contemplated by the policy.
Last, Vegas VP argues that the district court erred by failing to find Ace estopped from arguing that it is not liable for delay associated with rain that did not pass through a roof, windows, or walls. In light of our disposition, we need not address this issue.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.