An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRANDEN JAMES HERMANSEN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62011



FILED

SEP 18 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of second-degree murder with the use of a deadly weapon. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

Appellant Branden James Hermansen raises three contentions concerning his sentence on appeal. First, Hermansen contends that the district court abused its discretion in admitting a scrapbook as victim impact evidence. He asserts that the probative value of the evidence was outweighed by the danger of unfair prejudice. We discern no plain error. *See Vega v. State*, 126 Nev. ___, ___, 236 P.3d 632, 638 (2010) (reviewing un-objected to error for plain error affecting substantial rights). Much of the victim-impact evidence presented in the scrapbook was also presented in testimony by family members of the victim. *See Sherman v. State*, 114 Nev. 998, 1014, 965 P.2d 903, 914 (1998) (noting that evidence of the murder's impact "on the victim's family is relevant to show the damage done by the murder"). The record reflects that the district court's sentencing decision was not affected by the scrapbook. *Randell v. State*, 109 Nev. 5, 7-8, 846 P.2d 278, 280 (1993) ("'[J]udges spend much of their professional lives separating the wheat

13-27706

from the chaff and have extensive experience in sentencing, along with the legal training necessary to determine an appropriate sentence.'" (alteration in original) (quoting *People v. Mockel*, 276 Cal. Rptr. 559, 563 (Ct. App. 1990))); *see also Norwood v. State*, 112 Nev. 438, 440, 915 P.2d 277, 278 (1996) ("A sentencing court is privileged to consider facts and circumstances which would clearly not be admissible at trial."). Notably, the district court based its sentencing determination on Hermansen's prior record, which included a conviction for firearm possession as a felon, and the facts of the instant crime. The court stated that it considered the impact of the crime on the victim and his family, but did not specifically mention the scrapbook or the evidence presented therein.

Second, Hermansen contends that the district court erred in admitting graphic photographs of the victim at sentencing. We discern no abuse of discretion. *See Sherman*, 114 Nev. at 1012, 965 P.2d at 913 ("The trial court's determination regarding the admissibility of evidence during a sentencing hearing will not be disturbed on appeal absent an abuse of discretion."). The photographs assisted the court by illustrating the nature of the crime. *See Martinez v. State*, 114 Nev. 735, 738, 961 P.2d 143, 145 (1998) (providing that "the sentencing judge [may] consider a wide, largely unlimited variety of information to insure that the punishment fits not only the crime, but also the individual defendant"). Further, the record does not indicate that the photographs improperly affected the district court's sentencing decision. *See Randell*, 109 Nev. at 7-8, 846 P.2d at 280.

Third, Hermansen argues that his sentence violates the Eighth Amendment prohibition against cruel and unusual punishment and is based on impalpable and highly suspect evidence. Specifically, he

contends that the district court improperly based the sentence on accusations concerning a stolen computer, a recording of a phone call from jail, and improper argument from the State. He also asserts that the district court failed to consider mitigation evidence. We disagree. Hermansen's sentence of life with the possibility of parole after 10 years for murder and sentence of 20 years with the possibility of parole after 8 years for the deadly weapon enhancement fall within the parameters provided by relevant statutes, *see* NRS 200.030(5)(a) (category A felony punishable by sentence of life with the possibility of parole after 10 years); NRS 193.165(1) (authorizing sentence of 1-20 years for deadly weapon enhancement), and the sentences imposed are not so unreasonably disproportionate to the gravity of the offense as to shock the conscience, *see Culverson v. State*, 95 Nev. 433, 435, 596 P.2d 220, 221-22 (1979), *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion). Further, Hermansen has not demonstrated that the district court relied on "impalpable or highly suspect evidence." *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). In imposing sentence, the district court did not indicate that it considered Hermansen's phone call from jail in determining his sentence. While the district court mentioned the accusation regarding the stolen computer, about which the State presented testimony during the hearing, it did not ground its sentencing decision on those facts. The State's argument concerning the nature of the shooting was proper based on the evidence before the district court and did not amount to presentation of evidence. Lastly, the district court noted the mitigating evidence but did not find it persuasive. Therefore, the district court did not abuse its discretion in sentencing Hermansen. *See Randell*, 109 Nev. at 8, 846 P.2d at 280.

Having considered Hermansen's contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc:    Hon. Jerome Polaha, District Judge
       Washoe County Alternate Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk