**NOT FOR PUBLICATION**

FEB 27 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: MARK J. ESCOTO, | No. 17-60030 |
| Debtor, | BAP No. 16-1211 |
| _____ | |
| ROBERT G. HILLSMAN, | MEMORANDUM* |
| Appellant, | |
| v. | |
| MARK J. ESCOTO, | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kurtz, Jury, and Lafferty III, Bankruptcy Judges, Presiding

Argued and Submitted February 13, 2018
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges, and STATON,** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The Honorable Josephine L. Staton, United States District Judge for the Central District of California, sitting by designation.

Robert Hillsman appeals the decision of the Bankruptcy Appellate Panel (BAP) affirming the denial of his exception to discharge claim under 11 U.S.C. § 523(a)(2)(A). Applying the standard set forth in *Siriani v. Northwestern National Insurance Co., of Milwaukee, Wisconsin* (*In re Siriani*), 967 F.2d 302 (9th Cir. 1992), the bankruptcy court and the BAP each concluded that Hillsman failed to establish any losses proximately caused by Mark Escoto's fraud. For the reasons that follow, we affirm.

1. We decline to revisit the standard in *Siriani*. Although Hillsman cites differing precedent from other circuits, this court's holding in *Siriani* is consistent with the United States Supreme Court's decision in *Field v. Mans*, 516 U.S. 59, 68-70 (1995). *Husky International Electronics, Inc. v. Ritz*, 136 S. Ct. 1581 (2016), does not alter this analysis. *Id.* at 1589-90.

2. The proximate cause standard set forth in *Siriani* applies to this case. This court's decision in *Apte v. Japra* (*In re Apte*), 96 F.3d 1319 (9th Cir. 1996), does not change the analysis for cases involving fraudulent concealment. *Apte* notes that, in a fraudulent concealment case, *reliance* on the misrepresentation is presumed. *Id.* at 1323. However, the presumption of reliance does not obviate the need to prove loss proximately caused by the fraud. *See id.* at 1322 (requiring the creditor prove "damage as the proximate result of the representation").

3. Hillsman did not meet his burden of proving the amount of loss caused by Escoto's fraud. The bankruptcy court rejected Hillsman's measure of loss when he merely alleged and produced evidence to show the entire value of the loan, interest, and attorney fees as the amount of loss proximately caused by the fraud. On appeal, Hillsman fails to challenge this independent basis for the bankruptcy court's decision. We cannot make arguments for Hillsman, so he has failed to meet his burden of persuasion on appeal. *E.g.*, *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant . . . .").

4. The record also demonstrates that Hillsman did not prove the value of any available collection remedies:

A. Alleged remedies as a secured creditor. Hillsman did not prove valuable collection remedies as a secured creditor. The text of the note unambiguously did not grant Hillsman a security interest in the settlement proceeds. Under Nevada law, a stipulation cannot override the unambiguous language of a contract. *See, e.g.*, *Watson v. Watson*, 596 P.2d 507, 508 (Nev. 1979) ("Courts are bound by language which is clear and free from ambiguity and cannot, using the guise of interpretation, distort the plain meaning of an agreement.").

B. <u>Alleged remedies as an unsecured creditor.</u> The bankruptcy court correctly held that Hillsman failed to establish valuable collection remedies as an

unsecured creditor, because he did not introduce adequate evidence as to Escoto's

assets and liabilities (and the priority of Hillsman's claim *vis-à-vis* other creditors).

**AFFIRMED.**