# IN THE SUPREME COURT OF THE STATE OF NEVADA

DORIAN DONABY,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 75099

FILED

APR 2 5 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of conspiracy to commit robbery and invasion of the home. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Donaby contends that the district court abused its discretion at sentencing, and asks this court to vacate the sentence and remand for a new sentencing hearing. Because we conclude that the district court did not abuse its discretion, we affirm the judgment of conviction.[1]

First, Donaby argues that he was deprived of a fair sentencing hearing due to prosecutorial misconduct. Donaby argues that the prosecutor made inflammatory remarks that misstated the charges, resulting in a sentence imposed based on passion and prejudice. This court reviews claims of prosecutorial misconduct using a two-step analysis; it must determine: (1) "whether the prosecutor's conduct was improper," and (2) "whether the improper conduct warrants reversal." *Valdez v. State*, 124 Nev. 1172, 1188, 196 P.3d 465, 476 (2008). Ordinarily, we would review Donaby's claim for harmless error, but because Donaby did not object to the

---

[1]The parties are familiar with the facts and we do not recount them here except as necessary for our disposition.

19-18244

prosecutor's remarks, we employ plain-error review. *Id.* at 1190, 196 P.3d at 477 (providing that unpreserved claims are reviewed for plain error). The error must be plain from a review of the record and the defendant must show that the error caused actual prejudice or a miscarriage of justice. *Id.* Here, the prosecutor argued:

> And, in fact, the State would recommend running those counts consecutive because those are in fact two acts; right? He conspires to rob -- a conspiracy to robbery is relating to the one home, the home invasion relates to the second one. So there are actually two acts involved.

A plain review of the record demonstrates that these comments were not improper because the prosecutor was merely distinguishing between the two charges. Having pleaded guilty to both charges, Donaby fails to show the challenged statements caused actual prejudice or a miscarriage of justice simply because the prosecutor pointed out that the two charges were based upon two factually distinct crimes involving two different homes.

Second, Donaby claims that the prosecutor's remarks infected the sentencing proceedings and caused the district court to impose a sentence based on passion and prejudice. We review a district court's sentencing determination for an abuse of discretion. *Norwood v. State*, 112 Nev. 438, 440, 915 P.2d 277, 278 (1996). "A sentencing court is privileged to consider facts and circumstances which would clearly not be admissible at trial." *Id.* Donaby did not object to either the prosecutor's remarks or the sentence below, so we review for plain error. *Valdez*, 124 Nev. at 1190, 196 P.3d at 477. Donaby takes issue with the district court's comments: "I can't put him in drug court. I can't leave him out," and "The fact that these are residential burglaries weighs heavy on the Court." We readily conclude that these comments do not show an abuse of discretion. Donaby's 19 to 48



month sentence for the conspiracy to commit robbery charge and 24 to 60 month consecutive sentence for the invasion of the home charge are within the statutory ranges for each offense. *See* NRS 199.480(1)(a) and NRS 205.067(2); *see also Allred v. State*, 120 Nev. 410, 420, 92 P.3d 1246, 1253 (2004) (providing that a sentence within the statutory guidelines, while severe, is not cruel and unusual if the underlying statute is constitutional and the sentence is proportional to the crime committed). We are not convinced that the district court relied on "impalpable or highly suspect evidence" in its sentencing determination. *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976) (holding that this court will not disturb a sentence unless the record shows that the court relied on "impalpable or highly suspect evidence" that resulted in prejudice). Instead, the district court commented on the facts surrounding the crimes, the information contained in the presentencing investigation report, and the parties' arguments—all of which were properly before the district court. *Norwood*, 112 Nev. at 440, 915 P.2d at 278.[2]

Finally, Donaby claims that the district court deprived him of additional credit for time served. Reviewing for an abuse of discretion, we conclude that the district court properly granted Donaby 374 days of credit for time served. *Norwood*, 112 Nev. at 440, 915 P.2d at 278. Donaby was on parole when he committed the instant crimes and his parole was subsequently revoked as a result of his arrest. His revoked parole confinement then overlapped with his confinement for the instant case. We

[2]We also reject Donaby's argument that the district court was required to articulate the aggravating and mitigating factors it relied upon in arriving at its conclusion, as this is not a death penalty case. *See, e.g., Leonard v. State*, 114 Nev. 1196, 1217, 969 P.2d 288, 301 (1998).

have previously explained that "a district court [cannot] credit[ ] a parolee or probationer for time served on a subsequent offense if such offense was committed while on probation or parole." *Gaines v. State*, 116 Nev. 359, 364, 998 P.2d 166, 169 (2000); NRS 176.055(2)(b). For the same reason, we also reject Donaby's claim that his sentence in this case ran concurrent to his other case under NRS 176.035(1), which expired before his sentencing here. Accordingly, Donaby was not entitled to the credit for time served in his other case. We conclude that Donaby's claims are without merit and that he is not entitled to relief, we therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Douglas Smith, District Judge
       Legal Resource Group
       Attorney General/Carson City
       Clark County District Attorney
       Eighth Judicial District Court Clerk