**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

IRONSHORE INDEMNITY, INC.,

        Plaintiff-Appellee,

v.

ADAM ROGAS,

        Defendant,

 and

ERIC KAY,

        Defendant-Appellant.

No.   22-16592

D.C. No.
2:21-cv-01706-JAD-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted October 5, 2023
Las Vegas, Nevada

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  RAWLINSON and OWENS, Circuit Judges, and PREGERSON,[**] District
          Judge.

Eric Kay (Kay) appeals the district court's entry of judgment on the

pleadings in favor of Ironshore Indemnity, Inc. (Ironshore).  Reviewing *de novo*,

we affirm.  *See Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021).

The district court did not err in entering judgment on the pleadings in favor

of Ironshore.  *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d

1542, 1550 (9th Cir. 1989), *as amended.*  Under Nevada law, "[d]etermining

whether an insurer owes a duty to defend is achieved by comparing the allegations

of the complaint with the terms of the policy."  *United Nat'l Ins. Co. v. Frontier*

*Ins. Co., Inc.*, 99 P.3d 1153, 1158 (Nev. 2004) (en banc) (footnote reference

omitted).  "There is no duty to defend where there is no potential for coverage. . . ."

*Zurich Am. Ins. Co. v. Ironshore Spec. Ins. Co.*, 497 P.3d 625, 629 (Nev. 2021)

(citation, alteration, and emphasis omitted).

The Warranty Exclusion in the Ironshore excess policy broadly excluded

from coverage any claim "arising from" knowledge or information of any insured

"of any act, error or omission which might give rise to a claim(s), suit(s) or

action(s)" under the original or first excess coverage policy.  "Arising [from]

---

[**]     The Honorable Dean D. Pregerson, United States District Judge for
the Central District of California, sitting by designation.

encompasses originating from, having its origin in, growing out of, flowing from, incident to, or having connection with. . . ." *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 801 (9th Cir. 2017) (citation, alterations, and internal quotation marks omitted).

The allegations in the demand letter for which Kay seeks coverage arise from Kay's failure to respond to the fraudulent activity of the company's former CEO and fellow insured, Adam Rogas (Rogas), which began at the latest in 2019 according to the Securities and Exchange Commission (SEC) complaint referenced in the letter. Thus, Rogas had knowledge or information that could give rise to a claim, suit, or action in May 2019 when the Warranty Exclusion was executed.

We are not persuaded that there is any potential for coverage due to some allegations in the demand letter possibly deriving from knowledge or information that Rogas acquired after executing the Warranty Exclusion. Presuming that allegations in the demand letter could be traced to knowledge or information that Rogas obtained post-warranty, the broad language excluding any claim "arising from" pre-execution knowledge would nevertheless exclude those claims. *See id.* at 801 (recognizing that "arising out of is . . . broadly construed in exclusionary clauses" if there is a "minimal causal connection or incidental relationship") (citations and internal quotation marks omitted).

The provisions in the original coverage policy precluding imputation of knowledge or acts of one insured to another for the purpose of applying exclusions were expressly limited to the exclusions "above" them, and therefore did not preclude Ironshore from denying coverage pursuant to the Warranty Exclusion, which was not "above" those provisions. *See Watson v. Watson*, 596 P.2d 507, 508 (Nev. 1979) ("Courts are bound by language which is clear and free from ambiguity and cannot, through the guise of interpretation, distort the plain meaning of an agreement.") (citations omitted).[1]

**AFFIRMED.**

---

[1]Because we resolve this appeal on a different basis, we need not and do not reach Ironshore's alternative arguments for affirming.