RAMON MARTINEZ, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 29172

ARMANDO CACERAS, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 29173

JORGE ELIERSE, aka JORGE RAMON RUIZ, aka BRAYAN DIAZ, aka WILSON RAMOR, Appellant, *v.* THE STATE OF NEVADA, Respondent.

No. 29174

July 16, 1998                                                961 P.2d 143

*Kirk T. Kennedy,* Las Vegas, for Appellants Martinez and Caceras.

*Jose C. Pallares,* Las Vegas, for Appellant Elierse.

*Frankie Sue Del Papa,* Attorney General, Carson City; *Stewart L. Bell,* District Attorney and *James Tufteland,* Chief Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, SHEARING, J.:

On June 21, 1996, appellants Ramon Martinez, Armando Caceras, Jorge Elierse and three additional co-defendants were charged, in a sixteen-count indictment with racketeering, conspiracy to commit larceny, burglary, grand larceny, possession of stolen property and possession of burglary tools. These charges arose from a conspiracy to steal from Las Vegas tourists and casinos.

Appellants accepted a plea bargain pursuant to which they pled guilty to one count each of attempt racketeering, a crime pursuant to NRS 193.330 and 207.400. The plea agreement provided that the minimum sentence that each defendant could serve was one to four years and the maximum sentence was ten years.

On August 15, 1996, appellants, who are Venezuelan citizens

and illegal immigrants in the United States, appeared before the district court for sentencing. The Division of Parole and Probation submitted separate but similar reports for each defendant. The reports contained minimal personal information about each appellant, because the Las Vegas Metropolitan Police Department encountered difficulty in obtaining truthful information about them. The district court judge conducted three separate hearings at which he sentenced each appellant to 48-120 months of incarceration. Appellants filed this timely appeal.

## DISCUSSION

Appellants argue that the district court failed to separately consider each defendant's personal history and degree of culpability. Appellants argue that the district court sentenced them as a group, in violation of their right to individualized sentencing.

The Eighth Amendment requires that defendants be sentenced individually, taking into account the individual, as well as the charged crime. United States v. Lai, 944 F.2d 1434, 1440 (9th Cir. 1991). Here, the record reveals that the district court conducted a separate sentencing hearing for each defendant, during which it discussed facts unique to each individual. Furthermore, each appellant allegedly participated in a conspiracy to commit the same crimes and pled guilty to the same charge; this fact alone justifies the district court's decision to impose the same sentence on each defendant. Consequently, appellants' argument that the district court denied them individualized sentencing lacks merit.

Appellants also argue that at their sentencing hearings, the district court improperly considered their national origin in violation of their due process rights. At the conclusion of Jorge Elierse's sentencing hearing, the district court stated:

> There's something that heightens the nature of an offense when people come from foreign lands to do offenses in another land. I know if I go to a foreign land and get in trouble there, that I'm in deeper trouble there, that I'm in deeper trouble than if I did it in this country, because of the nature of it. Because governments look unfavorably on people coming from other countries to rip us off in our country. And they know that but they decided to do it anyway.

The sentencing judge is accorded wide discretion in imposing a

738

sentence; absent an abuse of discretion, this court will not disturb the district court's determination on appeal. Randell v. State, 109 Nev. 5, 8, 846 P.2d 278, 280 (1993). This discretion enables the sentencing judge to consider a wide, largely unlimited variety of information to insure that the punishment fits not only the crime, but also the individual defendant. Norwood v. State, 112 Nev. 438, 440, 915 P.2d 277, 278 (1996); Wilson v. State, 105 Nev. 110, 771 P.2d 583 (1989). A trial judge may not, however, consider a defendant's nationality or ethnicity in its sentence determination; consideration of these facts violates a defendant's right to due process. United States v. Borrero-Isaza, 887 F.2d 1349, 1352 (9th Cir. 1989) (citing United States v. Tucker, 404 U.S. 443, 446-47 (1972)). Thus, the district court here violated appellants' due process rights, if it based its sentencing decision, in part, upon appellants' status as illegal aliens.

We cannot, however, determine from the record whether the district court actually based its sentencing decision on appellants' nationality. The record reveals that substantial factual evidence supported the district court's decision to impose the maximum sentence. Nevertheless, the Supreme Court of the United States and numerous Circuit Courts of Appeal have emphasized the importance of not only doing justice, but also insuring that justice "satisf[ies] the appearance of justice." United States v. Edwardo-Franco, 885 F.2d 1002, 1005 (2d Cir. 1989) (citing Offut v. United States, 348 U.S. 11, 14 (1954)).

Here, the district court's remarks go beyond "passing references to the defendant's nationality or immigrant status." United States v. Leung, 40 F.3d 577, 587 (2d Cir. 1994). In fact, the district court's remarks create the appearance that appellants' foreign nationality adversely affected its sentencing determination. Thus, we conclude that the district court's conduct did not "satisfy the appearance of justice" and as such, appellants' sentences cannot stand. Edwardo-Franco, 885 F.2d at 1006; Leung, 40 F.3d at 586-87.

This court has held that "if the judge relies upon prejudicial matters, such reliance constitutes an abuse of discretion that necessitates a resentencing hearing before a different judge." Castillo v. State, 110 Nev. 535, 545, 874 P.2d 1252, 1259 (1994). Because here, we cannot conclusively determine that the district court did not improperly rely on prejudicial matters, namely appellants' nationality, in rendering his sentencing decision, we must remand this matter for resentencing before a different judge.

SPRINGER, C. J., and ROSE, J., concur.

MAUPIN, J., with whom YOUNG, J. agrees, concurring and dissenting:

I agree that appellants' rights to individualized sentencing were not violated. I disagree that the comments of this trial judge require remand to determine if any or all of the appellants were sentenced "based upon their nationality."