OPINION
By the Court,
Maupin, J.:
In this opinion, we hold that a sentencing judge does not necessarily violate Martinez v. State[1] by considering a criminal defendant’s status as an illegal alien when determining whether to grant or deny a request for probation.

FACTS AND PROCEDURAL HISTORY

On June 9, 2004, as part of a plea negotiation with the State, appellant Salvador Ruvalcaba entered a guilty plea to one count of sale of a controlled substance arising from a seizure of contraband in February of that year. Ruvalcaba is a Mexican national who was in the United States illegally when he committed the offense.
Prior to sentencing, Ruvalcaba completed a presentence interview with the Department of Parole and Probation. Several sections of the Department’s presentence investigation report referred to Ruvalcaba’s status as an illegal alien. In particular, the report indicated that Ruvalcaba had previously entered the United States illegally and voluntarily returned to Mexico following deportation proceedings in May of 2001. While Ruvalcaba sought probation so he could return to Mexico to be reunited with his family, the Department recommended a maximum sentence of sixty months and a minimum sentence of twenty-four months. The Department further recommended that the sentence on the 2004 offense be served *963 concurrently with another sentence on a separate charge stemming from an incident that occurred during Ruvalcaba’s presence in the United States in 2001.[2]
At sentencing, Ruvalcaba objected to references in the report to his immigration status and illegal re-entry into the United States following deportation. At the conclusion of the sentencing hearing, the judge denied Ruvalcaba’s request for probation. In this, the judge stated that he was not sentencing Ruvalcaba more harshly because of animus towards Ruvalcaba as a Mexican national. Rather, the judge expressed concern that Ruvalcaba would be unable to comply with any probationary sentence because he would likely be deported upon his release from custody.
The sentencing judge followed the recommendation in the report and sentenced Ruvalcaba to sixty months in prison with eligibility for parole after twenty-four months. In accordance with the negotiated plea arrangement, the sentencing judge ordered concurrent service of the sentences imposed on the two charges. Ruvalcaba appeals.

DISCUSSION

This court will not disturb a district court judge’s sentencing determination absent an abuse of discretion.[3] A sentencing judge has discretion to consider a ‘ ‘wide, largely unlimited variety of information to insure that the punishment fits not only the crime, but also the individual defendant.”[4]
Although Ruvalcaba concedes that the sentencing judge imposed a sentence within the penalty range for one count of sale of a controlled substance, he contends that references to his status as an illegal alien in the presentence investigation report, along with the sentencing judge’s consideration of this status in denying the request for probation, violates principles of due process as enunciated in Martinez.
In Martinez, we recognized that
[a] trial judge may not . . . consider a defendant’s nationality or ethnicity in its sentence determination; consideration of *964 these facts violates a defendant’s right to due process. Thus, the district court. . . violate[s] appellants’ due process rights, if it based its sentencing decision, in part, upon appellants ’ status as illegal aliens.[5]
In making this statement, we relied on the United States Court of Appeals for the Ninth Circuit decision in United States v. Borrero-Isaza.[6] However, Borrero-Isaza stands for the limited proposition that a judge may not enhance the sentence merely because the defendant arrives from a source country for illegal drugs.[7] And the United States Supreme Court decision that we noted as being cited in Borrero-Isaza does not address the issue of a criminal defendant’s nationality or alienage.[8] Thus, the proposition that a sentencing judge may not consider a criminal defendant’s status as an illegal alien does not follow from either of the cases cited in Martinez.
In Martinez, the sentencing judge remarked that the nature of an offense is “ ‘heightened] ’ ” when offenders “ ‘come from foreign lands’ ” to commit crimes, and that “ ‘governments look unfavorably on people coming from other countries to rip us off in our country.’ ’ ’[9] The sentencing judge hypothesized that if he had committed a crime in a foreign country, he would receive a more punitive sentence than if he committed the crime in his home country.[10] Based on these statements, this court held that the judge may have improperly relied on the defendants’ nationality when imposing sentence, in violation of defendants’ due process rights.[11]
We conclude that this case is distinguishable from Martinez. We note that the sentencing judge below did not sentence Ruvalcaba more harshly based upon ethnicity or nationality, or because Ru-valcaba committed the crime in a country foreign to him. Nor did the sentencing judge predicate his decision on any animus towards illegal aliens. Rather, the sentencing judge denied Ruvalcaba’s request for probation because, as an illegal alien, Ruvalcaba would likely be deported if he received probation and would thus ultimately avoid punishment.
In a case factually similar to the instant case, the California Court of Appeal held that a criminal defendant’s status as an illegal immigrant is a legitimate factor to be weighed and considered *965 when determining whether to grant probation.[12] In this, the court noted that, absent evidence to the contrary, a sentencing judge must assume that a defendant who is an illegal alien will be deported upon his release from custody and that a “convicted illegal alien felon, upon deportation, would be unable to comply with any terms and conditions of probation beyond the serving of any period of local incarceration imposed.”[13]
We concur with the reasoning of the California Court of Appeal, that a defendant’s ability to comply with the terms of probation is certainly a legitimate factor for a sentencing judge to consider in determining whether to grant probation. We therefore conclude that a sentencing judge does not violate Martinez by considering, to the limited extent indicated, a criminal defendant’s status as an illegal alien when determining whether to grant the defendant’s request for probation.
Acknowledging that the language in Martinez is broad in its sweep, Ruvalcaba properly argues that the citizenship of a person should not be a basis for a proper sentence. While that is true, we now clarify Martinez as indicated. In this, we also conclude that the sentence below was clearly not based upon citizenship, but the ability to enforce the criminal laws of this state. It was also based upon Ruvalcaba’s repeated involvement in the sale of illicit drugs.

CONCLUSION

Because we conclude that the sentencing judge did not violate Martinez, we affirm the sentencing determination.
Gibbons and Hardesty, JJ., concur.

 114 Nev. 735, 961 P.2d 143 (1998).

 The 2001 and 2004 charges were resolved as part of a “packaged” negotiation.

 Martinez, 114 Nev. at 737-38, 961 P.2d at 145 (citing Randell v. State, 109 Nev. 5, 8, 846 P.2d 278, 280 (1993)).

 Id. at 738, 961 P.2d at 145 (citing Norwood v. State, 112 Nev. 438 , 440, 915 P.2d 277, 278 (1996); Wilson v. State, 105 Nev. 110, 771 P.2d 583 (1989)).

 Id. at 738, 961 P.2d at 145 (emphasis added) (citations omitted).

 887 F.2d 1349, 1352 (9th Cir. 1989).

 Id. at 1352.

 United States v. Tucker, 404 U.S. 443, 446-47 (1972).

 Martinez, 114 Nev. at 737, 961 P.2d at 145 (quoting sentencing judge’s comments).

 Id.

 Id. at 738, 961 P.2d at 146.

 People v. Sanchez, 235 Cal. Rptr. 264, 267 (Ct. App. 1987).

 Id.