An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHN DOUGLAS MCNAIR, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60589

**FILED**

JUL 2 3 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of burglary, possession of stolen property, unlawful sale or exchange of methamphetamine, and being a felon in possession of a firearm. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

First, appellant argues that insufficient evidence supports his convictions because two of the State witnesses were not credible, he was misled into believing the rifle was not stolen, he was entrapped into accepting the computer and providing drugs, and he did not personally misrepresent the ownership of the rifle. This claim lacks merit because the evidence, when viewed in the light most favorable to the State, is sufficient to establish appellant's guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). Here, the State presented evidence that appellant, a felon, carried a stolen rifle into a pawn shop with a juvenile and pawned it for money without informing the pawn shop manager that the rifle was stolen. The State also presented evidence that the juvenile and his friends had been

involved in residential burglaries and had brought stolen items to the house where appellant was living, and that appellant had previously pawned other stolen items for the juveniles. We conclude that a rational trier of fact could reasonably infer from this evidence that appellant knew the rifle was stolen and entered the pawn shop with intent to obtain money by false pretenses and thus committed burglary with a dangerous weapon. *See* NRS 205.060(1), (4). A rational trier of fact could also reasonably find that appellant was in possession of a stolen rifle, *see* NRS 202.360(1)(a), and that he was a felon in possession of a firearm, *see* NRS 205.275(1). Although some evidence may have suggested that appellant did not actually know that the rifle was stolen, it was for the jury to assess the weight and credibility of that evidence, and circumstantial evidence alone may sustain a conviction. *See Buchanan v. State*, 119 Nev. 201, 217, 69 P.3d 694, 705 (2003). At trial, the State also presented evidence that appellant offered and gave a confidential informant methamphetamine in exchange for a stolen computer. A rational trier of fact could reasonably infer from this evidence that appellant engaged in the unlawful sale or exchange of methamphetamine. *See* NRS 453.320(1)(a). Thus, we conclude that there was sufficient evidence to support his convictions.

Second, appellant argues that his convictions for burglary, possession of stolen property, and being a felon in possession of a firearm are redundant and violate the Double Jeopardy Clause because they punish the same illegal act—entering a pawn shop with a rifle. We disagree. Each of appellant's convictions requires proof of an element that the others do not: burglary requires proof that a defendant entered a building with the intent to obtain money by false pretenses, NRS 205.060(1); possession of stolen property requires proof that the defendant

possessed property knowing that it is stolen, NRS 205.275(1)(a); and being a felon in possession of a firearm requires proof that the defendant possessed a firearm after having been convicted of a felony, NRS 202.360(1)(a). Accordingly, appellant's convictions do not violate the Double Jeopardy Clause. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932) (establishing an elements test for double jeopardy purposes); *Jackson v. State*, 128 Nev. ___, ___, 291 P.3d 1274, 1278 (2012), *petition for cert. filed*, 81 U.S.L.W. (U.S. Mar. 5, 2013) (No. 12-9118). Further, because the statutes do not indicate that cumulative punishment is precluded, appellant's convictions are not redundant. *See Jackson*, 128 Nev. at ___, 291 P.3d at 1278 (applying the *Blockburger* test to redundancy claims when the relevant statutes do not expressly authorize or prohibit cumulative punishment); NRS 202.360; NRS 205.060; NRS 205.275.

Third, appellant claims that his sentence is excessive and constitutes cruel and unusual punishment because he received 31 years for pawning a single rifle. He also claims that the district court relied upon impalpable or highly suspect evidence during sentencing because the court considered his prior criminal history in determining that the sentences should run consecutively. We disagree. This court will not disturb a district court's sentencing determination absent an abuse of discretion. *See Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987). Appellant's consecutive prison terms of 72-180 months, 48-120 months, 28-72 months, and 28-72 months fall within the parameters provided by statute, and are not "so unreasonably disproportionate to the offense as to shock the conscience." *Culverson v. State*, 95 Nev. 433, 435,

596 P.2d 220, 221-22 (1979); *see also Harmelin v. Michigan*, 501 U.S. 957, 1000-01 (1991) (plurality opinion).

Furthermore, appellant has failed to demonstrate that the district court relied on impalpable or highly suspect evidence. *See Silks v. State*, 92 Nev. 91, 93-94, 545 P.2d 1159, 1161 (1976). Although appellant's sentence is substantial, nothing in the record suggests that the district court considered impalpable or highly suspect evidence or other improper matters in imposing consecutive sentences, and appellant does not identify any inaccuracies in his criminal history. To the extent that he argues that the district court should not have considered his criminal history at sentencing, we conclude that this argument lacks merit. *See Martinez v. State*, 114 Nev. 735, 738, 961 P.2d 143, 145 (1998) (stating that the district court may "consider a wide, largely unlimited variety of information to insure that the punishment fits not only the crime, but also the individual defendant"); *see also* NRS 176.015(6); NRS 176.035(1). Therefore, we conclude that the district court did not abuse its discretion at sentencing and the sentence imposed does not constitute cruel and unusual punishment.

Fourth, appellant claims that the district court erred by failing to give him three days of credit for time served between the oral pronouncement of the sentence and the entry of the judgment of conviction. We conclude that this claim lacks merit because the time spent incarcerated after the sentencing hearing but before entry of the judgment of conviction is already credited as flat time against the sentence, as the prison begins to calculate a sentence from the sentencing date.

Fifth, appellant argues that the district court erred by allowing prior bad act evidence at trial. Appellant challenges the admission of evidence of burglaries committed by a group of juveniles, of certain individuals' use of methamphetamine at the residence where appellant stayed, of one of the juvenile's drug addiction, and of a drug arrest of a woman who lived at appellant's residence. Appellant did not object to the testimony regarding these bad acts, and we conclude that there was no plain error from the admission of them at trial. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 95 (2003) ("In conducting plain error review, we must examine whether there was 'error,' whether the error was 'plain' or clear, and whether the error affected the defendant's substantial rights."). Evidence regarding the juvenile burglary ring was relevant to showing that appellant knew that the rifle was stolen, as appellant had previously pawned items stolen by the juveniles. As to the testimony about other people's drug use, we conclude that it did not change the outcome of the case and thus did not affect appellant's substantial rights.

Sixth, appellant claims that the district court erred by failing to sua sponte instruct the jury on entrapment, the "procuring agent" defense, and how to evaluate the reliability of an informant. We conclude that no patently prejudicial error occurred here. *See McKenna v. State*, 114 Nev. 1044, 1052, 968 P.2d 739, 745 (1998) ("Failure to object to or request a jury instruction precludes appellate review, unless the error is patently prejudicial and requires the court to act sua sponte to protect the defendant's right to a fair trial."). An entrapment defense consists of two elements: the State presenting the opportunity to commit a crime and a defendant who is not predisposed to commit the act. *Miller v. State*, 121 Nev. 92, 95, 110 P.3d 53, 56 (2005). Here, although a confidential

informant initiated contact with appellant, appellant initiated the transaction by later contacting the informant and asking for a computer, and then offering methamphetamine to the informant as partial payment for the stolen computer.[1] Thus, the evidence adduced at trial proved that appellant was predisposed to possessing stolen property and methamphetamine, and an entrapment instruction was not warranted. *See id.* We further conclude that appellant was not entitled to a "procuring agent" jury instruction, as appellant was in no way an agent of the purchaser of methamphetamine. *See Adam v. State*, 127 Nev. ___, ___, 261 P.3d 1063, 1065 (2011). Lastly, as to an instruction on the credibility of the informant, we conclude that no such instruction was warranted because the informant "was not known to be or deemed unreliable." *King v. State*, 116 Nev. 349, 355, 998 P.2d 1172, 1176 (2000). The informant had a consistent history of aiding law enforcement and the informant's testimony was consistent with the monitoring detectives' observations. *See id.* Given that none of these instructions were warranted, we conclude that the district court did not have a duty to sua sponte proffer the instructions to the jury.

---

[1]We note that, while appellant appears to argue that the informant was the person who initially suggested payment in drugs, appellant has not provided the audio recordings of the wire taps, and the record on appeal does not support this assertion. *See Thomas v. State*, 120 Nev. 37, 43 n. 4, 83 P.3d 818, 822 n. 4 (2004) ("Appellant has the ultimate responsibility to provide this court with 'portions of the record essential to determination of issues raised in appellant's appeal.'"); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant.").

Seventh, appellant claims that the district court erred by instructing the jury that, if it found that the defendant made false or deliberately misleading statements concerning the charges before trial, the jury could consider those statements as tending to prove consciousness of his guilt. Appellant argues only that the instruction should not have been given because his statements were not false or misleading. Appellant did not object to this instruction, and we discern no plain error. *See Green*, 119 Nev. at 545, 80 P.3d at 95.

Eighth, appellant claims that the district court improperly allowed Detective Jones to vouch for the credibility of the confidential informant. Appellant appears to contend that Detective Jones vouched for the informant when the detective testified about other cases that the informant worked on, the informant's successful work in prison, the number of cases generated by the informant's information, and that the informant's work exceeded expectations. We discern no plain error. *See Anderson v. State*, 121 Nev. 511, 516, 118 P.3d 184, 187 (2005) (reviewing instances of vouching for plain error where defendant fails to object at trial). A witness may not vouch for the credibility of another witness. *Marvelle v. State*, 114 Nev. 921, 931, 966 P.2d 151, 157 (1998), *abrogated on other grounds by Koerschner v. State*, 116 Nev. 1111, 1114-17, 13 P.3d 451, 454-55 (2000). Here, much of the detective's testimony was elicited from appellant on cross-examination to show that the informant was not reliable and had a motive to lie. While the detective stated that the informant was "actually one of the best informants that I've worked with," this statement referred to the informant's ready availability and not to his credibility. As such, we determine that the detective did not improperly vouch for the credibility of the informant.

Ninth, appellant claims that his right to a speedy trial was violated by a nearly one-year delay between his arrest and his trial. This claim lacks merit. While appellant's trial took place approximately five and a half months after the information was filed, appellant's counsel waived appellant's statutory right to a trial within 60 days after arraignment. *See Furbay v. State*, 116 Nev. 481, 484, 998 P.2d 553, 555 (2000). Furthermore, appellant failed to allege that the State acted in bad faith or that he was prejudiced from the delay, and the record does not support such a finding. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972) (identifying four factors to be weighed when determining whether a defendant's constitutional right to a speedy trial has been violated).

Tenth, appellant argues that the district court erred by granting the State's motion to join together the charges relating to the stolen rifle and charges relating to a computer and drugs. He claims that the counts relating to the firearm should have been tried separately from the counts relating to a stolen computer and methamphetamine, and that charging all of the counts together made it more likely that the jury would convict him of the firearm charges. The district court has discretion to join or sever charges, and "[e]rror resulting from misjoinder of charges is harmless unless the improperly joined charges had a substantial and injurious effect on the jury's verdict." *Weber v. State*, 121 Nev. 554, 570-71, 119 P.3d 107, 119 (2005). We conclude that the district court erred in joining the charges because they were not part of a common scheme and plan and appellant's pawning of a stolen rifle was not connected to appellant's transaction of drugs for a stolen computer more than a month later. *See id.* at 571-72, 119 P.3d at 119. Nevertheless, we conclude that no reversal is required because the misjoinder of charges did not have a

substantial and injurious effect on the jury's verdict. At trial, sufficient evidence was adduced to support the convictions relating to the rifle. Notably, the juvenile testified that appellant had previously pawned stolen property that was unloaded at appellant's residence, and that appellant asked the juvenile on the way to the pawn shop what he would do if he got caught, which contradicted appellant's statements to the police that he repeatedly asked the juvenile if the rifle was stolen and the juvenile denied that it was. Therefore, in light of the evidence that appellant knew that the rifle was stolen, we conclude that the verdict was not substantially affected by the evidence regarding the stolen computer and methamphetamine.

Finally, appellant argues that cumulative error deprived him of a fair trial. Because he demonstrates only one error, we conclude that appellant is not entitled to relief on this claim. *See United States v. Sager*, 227 F.3d 1138, 1149 (9th Cir. 2000) ("One error is not cumulative error.").

Having considered appellant's contentions and concluded that he is not entitled to relief, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:   Hon. Patrick Flanagan, District Judge
Karla K. Butko
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk