An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID ROBERT MCCLAIN,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63292

**FILED**

OCT 17 2013



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a no contest plea, of two counts of attempted lewdness with a child under the age of 14.[1] Tenth Judicial District Court, Churchill County; Robert E. Estes, Senior Judge.

Appellant David Robert McClain contends that the district court abused its discretion by relying on impalpable evidence when it imposed the maximum allowable sentence. McClain asserts that the district court "disregarded" the psychosexual evaluation report, which concluded that McClain was a low to moderate risk to reoffend, and based its sentencing decision on personal feelings or bias toward psychosexual evaluations.[2] McClain did not object on this basis at the sentencing

---

[1]The judgment of conviction erroneously states that McClain was convicted pursuant to a guilty plea. Upon issuance of the remittitur, the district court shall enter an amended judgment of conviction that corrects this clerical error. *See* NRS 176.565; *Buffington v. State*, 110 Nev. 124, 126, 868 P.2d 643, 644 (1994).

[2]McClain failed to provide this court with the psychosexual evaluation report and the presentence investigation report (PSI), although he references them in his arguments on appeal. *See* NRAP 3C(f)(2)(C);

*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

13-31172

hearing, and we conclude that he fails to demonstrate plain error. *See Mendoza-Lobos v. State*, 125 Nev. 634, 644, 218 P3d 501, 507 (2009) (errors that are "plain" from the record warrant reversal if the appellant can demonstrate the error affected his substantial rights "by causing actual prejudice or a miscarriage of justice" (internal quotations omitted)).

We have consistently afforded the district court wide discretion in its sentencing decision, *see, e.g., Houk v. State*, 103 Nev. 659, 664, 747 P.2d 1376, 1379 (1987), and will refrain from interfering with the sentence imposed by the district court "[s]o long as the record does not demonstrate prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *Silks v. State*, 92 Nev. 91, 94, 545 P.2d 1159, 1161 (1976). The record indicates that the district court considered the entire record. It raised concerns regarding the thoroughness of the psychosexual examination because the report did not seem to take McClain's confession into consideration. The district court discussed at length McClain's confession and its concern that McClain was only thinking about his own welfare without considering the victims' welfare. The district court remarked on the discrepancies between the facts and circumstances contained in McClain's confession and the facts and circumstances corroborated by the Division of Parole and Probation as contained in the PSI report when it stated, "Frankly, I tend to give more credence to the victims than to you and your confession." To the extent that McClain argues that the district court abused its discretion by failing to give

---

*...continued*
NRAP 30(b)(3); *Greene v. State*, 96 Nev. 555, 558, 612 P.2d 686, 688 (1980) ("The burden to make a proper appellate record rests on appellant.").

greater weight to the psychosexual examiner's report, we conclude that this argument lacks merit. *See Martinez v. State*, 114 Nev. 735, 738, 961 P.2d 143, 145 (1998) (stating district court may "consider a wide, largely unlimited variety of information to insure that the punishment fits not only the crime, but also the individual defendant").

Finally, McClain's consecutive sentences of 8 to 20 years are within the parameters provided by the relevant statutes, *see* NRS 193.330(1)(a)(1); NRS 201.230(2); NRS 176.035(1). Accordingly, we conclude that the district court did not abuse its discretion, and we

ORDER the judgment of conviction AFFIRMED.



_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. Thomas L. Stockard, District Judge
Hon. Robert E. Estes, Senior Judge
Troy Curtis Jordan
Churchill County District Attorney/Fallon
Attorney General/Carson City
Churchill County Clerk