132 Nev., Advance Opinion 31

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LINDSIE NEWMAN,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 67756 |
| LINDSIE NEWMAN,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 67763 |

FILED

APR 28 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Consolidated appeals from a district court judgment revoking probation and from a judgment of conviction pursuant to a guilty plea to possession of a controlled substance. First Judicial District Court, Carson City; James Todd Russell, Judge.

*Dismissed (Docket No. 67756) and affirmed (Docket No. 67763).*

Karin K. Kreizenbeck, State Public Defender, and Sally S. deSoto, Chief Appellate Deputy Defender, Carson City,
for Appellant.

Adam Paul Laxalt, Attorney General, Carson City; Jason Woodbury, District Attorney, and Iris F. Yowell, Deputy District Attorney, Carson City,
for Respondent.

5/19/16: Corrected per Order Modifying Opinion. GT

16-13318

BEFORE DOUGLAS, CHERRY and GIBBONS, JJ.

*OPINION*

By the Court, CHERRY, J.:

These are consolidated appeals from a district court judgment revoking probation following a guilty plea to conspiracy to commit grand larceny and a judgment of conviction pursuant to a guilty plea to possession of a controlled substance. We focus upon whether the district court plainly erred when it considered the status of appellant, Lindsie Newman, as a pregnant drug addict when it sentenced her to a term of imprisonment for possession of a controlled substance. Newman claims the district court erroneously based its sentence on her status as a pregnant drug addict instead of on the crime she committed. Ordinarily, the district court should not consider a defendant's status when determining a sentence, but we conclude that the district court did not plainly err by considering Newman's status because she raised the issue of her status as a pregnant addict at the sentencing hearing.[1]

*FACTS AND PROCEDURAL HISTORY*

Newman was convicted of conspiracy to commit grand larceny, a gross misdemeanor, after she entered a guilty plea. The district court sentenced her to nine months in jail, suspended the sentence, and placed

---

[1]Although Newman appealed from the judgment of revocation for her conspiracy to commit grand larceny conviction, she has not presented any cogent arguments pertaining to that order for our consideration. Additionally, she has been discharged from the nine-month sentence, so the probation revocation appeal is moot. We accordingly dismiss the district court's order from which Newman appeals in Docket No. 67756.

SUPREME COURT
OF
NEVADA

(O) 1947A

Newman on probation for no more than two years with specific conditions. Less than five months later, Newman was charged with and pleaded guilty to possession of a controlled substance, a category E felony. Instead of imposing a sentence in that case, the court suspended the proceedings pursuant to NRS 453.3363 and placed Newman on probation for no more than three years with special conditions, including completion of the Western Regional Drug Court Program.

Newman had difficulty complying with the conditions of her probation. At one point, the drug court terminated her for noncompliance but then reinstated her and required her to complete a program at the City of Refuge[2] because she was pregnant. Newman, however, left the City of Refuge program before her baby was born. She was arrested for probation violations, and the Division of Parole and Probation submitted violation reports to the district court in both criminal cases. The reports alleged that Newman violated the special conditions of her probation by, among other things, possessing prescription pills for which she did not have a prescription, taking morphine pills, testing positive for methamphetamines, being discharged from drug court, and being difficult to supervise. Parole and Probation recommended the district court revoke

[2]The City of Refuge is a program designed to assist pregnant women who have unplanned pregnancies and wish to deliver, instead of abort, the baby but cannot do so without additional support. *See Welcome to City of Refuge*, City of Refuge, http://refugenevada.com/index2.html (last visited Apr. 5, 2016). The program gives these women a safe and nurturing environment during the gestational period. *Id.* The participants must pursue a high school diploma and/or perform undemanding work. *See Mission & Ministry*, City of Refuge, http://refugenevada.com/Mission&MInistry.html (last visited Apr. 5, 2016).

Newman's probation and sentence her to a term of 12 to 32 months in the controlled substance case.

The district court conducted a hearing on the violation reports. At the hearing, Newman admitted to the violations but denied using methamphetamines. Newman's counsel then informed the court how Newman wished to proceed: "Ms. Newman . . . ask[s] for revocation in both of these cases today. She's appreciated the opportunities that the Court has afforded her by allowing her diversion and the drug court program as well as the City of Refuge so her baby will be born safe[ly]." Counsel also requested that the district court run her sentences concurrently.

In deciding whether to impose the sentences concurrently or consecutively, the district court explained its "main concern" was that Newman "stays in custody long enough for that child to be born." Those concerns were the focus of the following colloquy between the court and defense counsel:

> THE COURT: [Counsel] ~~Ms. Merideth~~, do you understand my concern? I just want to make sure above all that she—and I'll sentence her accordingly—make sure she stays in custody until that child is born. Obviously, you couldn't trust her at the City of Refuge. You can't trust her anywhere. I don't want that child to be put at any risk in respect to this matter. . . .
>
> [COUNSEL] ~~MS. MERIDETH~~: Well, I understand that, Your Honor, and I appreciate the Court's concern. I don't see that anyone wouldn't share the same concerns.
>
> . . . .
>
> Well, I would rather see her—and I think she would agree—do her time, the remaining time

Supreme Court
of
Nevada

(O) 1947A

in the actual prison system. There's more resources available to her. There's doctors. She's having problems getting [in to] seeing doctors in the jail.

After determining that the amount of credit applied to the 9-month sentence (265 days) would cause that sentence to expire before Newman gave birth, the court determined that it would have to impose a consecutive sentence in the controlled substance case to address its concerns. Ultimately, the district court revoked Newman's probation in the conspiracy to commit grand larceny case and executed the original sentence of nine months with credit for time served. The district court then sentenced Newman to 12 to 32 months in the Nevada Department of Corrections in the possession of a controlled substance case. The court ordered the sentences to run consecutively. At the conclusion of the hearing, the court informed Newman, "I'm doing this more than anything to protect that unborn child. I don't want to see you out doing anything until that child is born." Newman did not object below to either the sentence the court ordered or to the court's consideration of her status as a pregnant drug addict.

## DISCUSSION

*Whether this case is moot and, if so, whether this court should nonetheless entertain the appeal*

The primary issue before this court is whether the district court plainly erred when it considered Newman's status as a pregnant drug addict in deciding to impose a consecutive sentence in the controlled substance case. Newman argues that this issue became moot once her child was born but that this court should address the issue because of its significance.

SUPREME COURT
OF
NEVADA

(O) 1947A

5

Generally, we will not decide moot cases. *Nat'l Collegiate Athletic Ass'n v. Univ. of Nev., Reno*, 97 Nev. 56, 58, 624 P.2d 10, 11 (1981). A case is moot if it "seeks to determine an abstract question which does not rest upon existing facts or rights." *Id.* Mootness is a question of justiciability. *Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010). The dispute must continue through all of the controversy's phases. *Id.* A case may become moot due to later occurrences despite the existence of a "live controversy" at the beginning of the litigation. *Id.*

The issue that Newman raises is not moot. Newman's sentence has likely expired in her case for conspiracy to commit grand larceny, and we presume that she is no longer pregnant. However, in her case for possession of a controlled substance, the district court sentenced her to 12 to 32 months consecutive to her sentence in the conspiracy to commit grand larceny case, and the district court did not give Newman any credit for time served. Newman received parole on June 10, 2015, so we presume that she is currently subject to the district court's sentencing order and could be required to return to prison if she violates the terms of her parole. Accordingly, we will reach the merits of Newman's appeal.

*Whether the district court plainly erred in sentencing Newman*

Newman concedes that she did not object when the district court considered her status as a pregnant drug addict in determining her sentence or when it ordered consecutive sentences. However, she argues that the court's error was plain and impacted her due process right to be sentenced for her crimes, not her status as a pregnant drug addict. She contends the court sentenced her as it did solely to keep her incarcerated until her child was born. Newman does not contend that consecutive sentences violated Nevada law; she contends that the court

inappropriately considered her status as a pregnant drug addict when it decided whether to order consecutive or concurrent sentences.

When a party fails to object to a trial court error, appellate review is precluded unless the error was plain. *Anderson v. State*, 121 Nev. 511, 516, 118 P.3d 184, 187 (2005). In determining whether an error was plain, we examine the following: "whether there was error," "whether the error was plain or clear," and "whether the error affected the defendant's substantial rights." *Id.* (internal citations and quotation marks omitted). The defendant must show "actual prejudice or a miscarriage of justice." *Id.*

Nevada's sentencing courts have "discretion . . . to consider a wide, largely unlimited variety of information to insure that the punishment fits not only the crime, but also the individual defendant." *Martinez v. State*, 114 Nev. 735, 737-38, 961 P.2d 143, 145 (1998). But our precedents have set forth circumstances in which we will reverse a sentence that is within the statutorily prescribed limits: (1) when the record "demonstrate[s] prejudice resulting from consideration of information or accusations founded on facts supported only by impalpable or highly suspect evidence," *Silks v. State*, 92 Nev. 91, 93-94, 545 P.2d 1159, 1161 (1976); (2) when "the statute fixing punishment is unconstitutional," *Blume v. State*, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996) (internal citations and quotation marks omitted); (3) when "the sentence is so unreasonably disproportionate to the offense as to shock the conscience," *id.*; and (4) when the court "consider[s] a defendant's nationality or ethnicity in its sentence determination," *Martinez*, 114 Nev. at 738, 961 P.2d at 145.

SUPREME COURT
OF
NEVADA

(O) 1947A

However, we have previously upheld a sentence where the district court considered a defendant's immigration status. *See Ruvalcaba v. State*, 122 Nev. 961, 963, 143 P.3d 468, 469 (2006). In *Ruvalcaba*, the defendant objected to the Presentence Investigation Report (PSI) because it referenced "his immigration status and illegal re-entry into the United States following deportation." At the sentencing hearing, the judge sentenced the defendant to a term of imprisonment instead of ordering probation and said that the sentence was not a result of the defendant's status as a Mexican national. *Id.* "Rather, the judge expressed concern that Ruvalcaba would be unable to comply with any probationary sentence because he would likely be deported upon his release from custody." *Id.* In affirming the sentence, we stressed that the lower court "did not sentence Ruvalcaba more harshly based on ethnicity or nationality" or because of "any animus towards illegal aliens." *Id.* at 964, 143 P.3d at 470. We noted that the lower court "denied Ruvalcaba's request for probation because, as an illegal alien, Ruvalcaba would likely be deported if he received probation and would thus ultimately avoid punishment." *Id.* In the end, we concluded that the district court correctly considered the defendant's status "to the limited extent indicated." *Id.* at 965, 143 P.3d at 471.

The record here does not reflect that the district court plainly erred when it considered Newman's status as a pregnant addict in deciding to impose a consecutive sentence. Aside from being a pregnant addict, the court sentenced Newman as it did because she committed two crimes and had numerous probation violations. The district court also wanted to assist Newman in safely delivering her baby by giving her access to better medical resources in prison than she would have received

SUPREME COURT OF NEVADA

(O) 1947A

in the jail system—a goal Newman apparently shared at the time of sentencing. The court also noted that if it did not order Newman to serve consecutive sentences, she would not receive any additional punishment for her new crimes because of the credit she would receive toward her sentence for conspiracy to commit grand larceny. Accordingly, like in *Ruvalcaba*, we conclude the district court properly considered Newman's status for the limited purpose of sentencing her in the most appropriate manner.

Newman additionally argues that the U.S. Supreme Court, in *Robinson v. California*, 370 U.S. 660, 662, 667 (1962), held that drug addiction is a status not an act and that a state violates the constitutional protection against cruel and unusual punishment by incarcerating a person for his or her addiction to narcotics. Newman's reliance upon *Robinson* is misplaced because the holding in *Robinson* does not prohibit a district court from considering a defendant's status as a drug addict in fashioning a sentence. *See id.* The *Robinson* Court held that the lower court violated the defendant's Fourteenth Amendment rights by imprisoning him because the law criminalized drug addiction even when a person "has never touched any narcotic drug within the State or been guilty of any irregular behavior there." *Id.* In contrast, the district court here did not imprison Newman because being a pregnant drug addict violates some Nevada law; the court imprisoned her because she violated the terms of her probation in one case and was convicted in another case. Although the court clearly considered Newman's status as a pregnant addict when it sentenced her, Newman was not subject to the court's jurisdiction because of her status as a pregnant addict. Instead, she was subject to the district court's jurisdiction because she violated the terms of

SUPREME COURT
OF
NEVADA

(O) 1947A

her probation in a gross misdemeanor case and was convicted of a separate category E felony.

Newman also relies upon the case of *State v. Ikerd*, 850 A.2d 516, 518 (N.J. Super. Ct. App. Div. 2004), for the proposition that a trial court abuses its discretion when it sentences "a pregnant, drug-addicted woman who has violated the conditions of her probation . . . to prison for the avowed purpose of safeguarding the health of her fetus." However, *Ikerd*, besides not being binding upon this court, is distinguishable. Ikerd was convicted for acts of welfare fraud, sentenced to probation, and required, among other things, to complete a drug treatment program. *Id.* After she violated the terms of her probation, the court revoked probation and sentenced Ikerd to prison, "[n]ot because we want to punish her, but because we want to save the baby." *Id.* at 519. The trial court even explained that it would consider releasing Ikerd from custody when she delivered her baby or if she lost her baby. *Id.* at 520. The appellate court reversed the lower court's decision because "the extent of the punishment imposed upon Ikerd resulted *solely* from her status as a pregnant addict. It bore no relationship to the offense that she initially committed, was excessively punitive, and accomplished no legitimate penal aim." *Id.* at 521 (emphasis added).

Unlike in *Ikerd*, Newman's punishment is related to her crimes. She was originally convicted of conspiracy to commit grand larceny and then (after receiving probation) picked up new charges, violated the terms of probation, was kicked out of drug court, quit the City of Refuge program, violated several other terms of probation, and picked up more new charges. The district court did not make any provisions for Newman's release following the birth of her baby, and the court stated

that keeping Newman off of the street was its main concern, not its sole concern. This at least implies that Newman's status as a pregnant addict, although the most significant, was not the only factor the court considered.

Additionally, we must review for plain error due to Newman's failure to object in the lower court. This places a burden on Newman that she cannot meet. The record before us shows Newman's claim that the district court should not have considered her status as a pregnant drug addict is disingenuous. At the beginning of the hearing in district court, Newman's counsel initiated the discussion of Newman's status as a pregnant addict and the importance of safeguarding her unborn child. Then, after further discussion about running the sentences for the two convictions consecutively or concurrently, Newman's counsel further explained that Newman should be incarcerated to protect her unborn child. Indeed, a comprehensive reading of the transcript of that hearing convinces us that Newman *wanted* the district court to consider her status as a pregnant addict when it sentenced her. Defense counsel, the prosecutor, and the district court actually worked together to fashion a sentence to accomplish Newman's goal of being imprisoned when her child was born to prevent Newman from further drug use and provide her with access to better medical resources than she would have had if she were in jail or released from custody.

Our decision is based upon the unique facts of this case. Nothing in our opinion today should be construed to indicate that courts *should* consider a defendant's status as a pregnant addict when imposing a sentence. But because Newman neglected to preserve this issue for appellate review and because Newman both participated in and initiated

the lower court's consideration of her status as a pregnant addict, we must affirm the lower court's decision.

For the reasons set forth above, we conclude that the district court did not err when it considered Newman's status as a pregnant addict at the time of sentencing. Therefore, we dismiss Newman's appeal in Docket No. 67756 because her sentence has expired and affirm the district court's judgment of conviction in Docket No. 67763.

_____, J.
Cherry

We concur:

_____, J.
Douglas

_____, J.
Gibbons